Opinion filed December 1, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 1, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00117-CR 

 

                                                    __________

 

                       CHRISTOPHER LANCE MATTHEWS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                Trial
Court Cause No. CR 16-957

 



 

                                                                   O
P I N I O N

 

Christopher Lance Matthews pleaded guilty to
criminally negligent homicide.  There was
no plea bargain agreement.  The trial
court convicted appellant of the offense, found that a deadly weapon was used
during the commission of the offense, and assessed punishment at seven years
confinement.  We affirm.








In his sole issue on appeal, appellant argues that
he did not freely and voluntarily enter his plea of guilty because the trial
court incorrectly admonished him on his eligibility for deferred
adjudication.  The indictment alleged
that appellant committed the offense of criminally negligent homicide by
pointing a loaded shotgun at the victim and pulling the trigger.  Criminally negligent homicide is a state jail
felony.  TEX. PEN. CODE ANN. ' 19.05(b) (Vernon 2003).  If there is a finding that a deadly weapon was
used or exhibited during the commission of a state jail felony, the offense is
punishable as a third degree felony. 
TEX. PEN. CODE ANN. 12.35(c)(1) (Vernon 2003).       The
trial court admonished appellant:

[T]he
range of punishment in this case is as a third degree felony if there is the
finding of a deadly weapon as alleged in the Indictment...what that means is
you are facing a maximum of 10 years in the Institutional Division of the Texas
Department of Criminal Justice and a minimum of 2 years there, plus you could
be fined any amount not to exceed $10,000.

 

The
trial court further stated:

 

Now,
on the other hand, if I did not so find, and if I instead considered this as a
State Jail felony, then you=re
looking at a range of the maximum of 2 years, minimum of 180 days in a State
Jail with an optional fine of up to $10,000.

 

The
trial court stated:

 

[R]egardless
of which offense is involved here, that is, whether it=s
a third degree or the State Jail felony, there could be a situation called
deferred adjudication where I would not actually convict you of anything, if I
thought that was appropriate, defer adjudication, postpone that, place you on
supervision of this court for a period of up to ten years.

 

The trial court went on to explain the consequences of deferred
adjudication to appellant.








Appellant argues that the trial court incorrectly
admonished him on his eligibility for deferred adjudication.  Appellant contends that, pursuant to TEX. CODE
CRIM. PRO. ANN. art. 42.12, '
3g(a)(2) (Vernon Pamph. Supp. 2005), he would not be eligible for deferred
adjudication if the trial court found that a deadly weapon was used during the
commission of the offense and assessed punishment as a third degree
felony.  Article 42.12, section 3g(a)(2)
is applicable to a defendant placed on community supervision without deferring
the adjudication of guilt.  TEX. CODE
CRIM. PRO. ANN. art. 42.12, '
5 (Vernon Pamph. Supp. 2005) is applicable when the trial court finds that it
is in the best interest of society and the defendant to defer an adjudication
of guilt and place a defendant on community supervision.  Article 42.12, section 5  provides circumstances under which a trial
court may not grant deferred adjudication. 
Article 42.12, section 5 does not prohibit a trial court from granting
deferred adjudication for the offense of criminally negligent homicide whether
punished as a state jail felony or a third degree felony.  The trial court did not err in admonishing
appellant.  Appellant=s sole issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 1, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.